A. ORLIKOFF OF MEXICAN ARTCRAFT CO. ET AL. *v.* UNITED STATES

**No. 7577.**—Invoices dated Guadalajara, Jal., Mexico, February 26, 1943, etc.
Certified March 1, 1943, etc.
Entered at San Ysidro, Calif., March 11, 1943, etc.
Entry Nos. 319–C; 308–C; 331–C.

(Decided April 14, 1948)

*Harper & Harper (George R. Tuttle, Lawrence A. Harper,* and *Charles J. Evans* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman* and *Chauncey E. Wilowski,* special attorneys), for the defendant.

EKWALL, Judge: These are appeals from findings of value by the United States appraiser of merchandise on importations of woven leather slippers known as huaraches, exported from Mexico during the months of February and March 1943. They were invoiced and entered in Mexican dollars and were appraised in that currency. Three reappraisement appeals are involved. The various entries and prices are as follows:

| Entry No., Date, and Reap. No. | Merchandise | Invoiced and entered per pair, Mexican $ | Appraised per pair, Mexican $ | Plaintiff claims per pair, Mexican $ |
|---|---|---|---|---|
| 308–C, February 26, 1943, 154211–A. | 5,040 pairs women's huaraches. | 3. 85 | 4. 38 | 3. 85 |
| 319–C, March 10, 1943, 154212–A. | 900 pairs_____ | 3. 85 | 4. 88 | 4. 60 |
| | 2,808 pairs_____ | 4. 20 | 5. 00 | 5. 00 |
| | 612 pairs_____ | 4. 20 | 5. 00 | 5. 00 |
| | 600 pairs_____ | 5. 25 | 5. 35 | 5. 75 |
| 331–C, March 19, 1943, 154213–A. | 4,000 pairs_____ | 4. 20 | 5. 50 | 4. 60 |
| | 584 pairs_____ | 4. 20 | 5. 50 | 4. 60 |
| | 260 pairs_____ | 5. 25 | 5. 80 | 5. 75 |

All of these prices are plus cost of cases, packing, and stamp tax. Appraisement was made on the basis of export value under section 402 (d) of the Tariff Act of 1930. There is no dispute but that export value is the proper basis of valuation. The importers contend that the appraised values do not represent export value, as defined in said section 402 (d) which reads as follows:

Sec. 402. Value.

\*          \*          \*          \*          \*          \*          \*

(d) Export Value.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

There is no dispute as to the location of the principal market in Mexico, which is Guadalajara. Nor do plaintiffs contend that the appraisement was not based on the usual wholesale quantity in the ordinary course of trade. The only question for determination is the price at which identical or similar huaraches were freely offered for sale at the dates of exportation of the three shipments involved.

Plaintiffs produced the testimony of Mrs. Rose Orlikoff who stated that the huaraches purchased from this seller, Isauro Macias, of Guadalajara, Mexico, varied in sizes and quality; that they were all Oaxaca style; that those covered by invoice 319–C, priced at Mexican $4.20 per pair, were of better quality than those invoiced at Mexican $3.85 per pair; that those invoiced at Mexican $5.25 per pair were men's sizes and extra large. This witness further stated that the uppers were made of cowhide and the insoles of split leather, and that the outer sole was made of a very poor quality, full grain or smooth grain leather.

The affidavit of Juan J. Robles (plaintiff's exhibit 1) states that he was associated with Rose Orlikoff and A. Orlikoff doing business in

Los Angeles, Calif., as the Mexican Artcraft Co.; that he was engaged in buying huaraches in Mexico for them during the months of January, February, and March 1943; that he became familiar with the types and qualities manufactured and sold in Mexico; that by far the greater number of sales and the greater volume of sales of huaraches were made in Guadalajara than at any other place in Mexico; that during the period from January 1, 1943, to March 31, 1943, Isauro Macias sold huaraches to Mexican Artcraft Co.; that affiant complained to Macias of the inferior quality of the huaraches when the first shipments were received at Los Angeles, but Macias insisted upon the Mexican Artcraft Co. taking all the huaraches he had assembled for that company; that said company consented to do so because it had deposited a sum of money to cover an order for 35,000 pairs and the deposit was to be applied to the last shipment by Macias. The affiant further stated that from January 1, 1943, to March 31, 1943, other dealers in Guadalajara offered affiant huaraches of better quality at prices the same or lower than Mexican pesos 3.85, 4.00, 4.20, and 5.25; that said offers were freely made to all purchasers for usual wholesale quantities and in the ordinary course of trade; that he found by comparison that the huaraches supplied by Macias were inferior in quality but he could not accept the offers made because he could not discontinue dealing with Macias for the reasons above stated; that he kept in touch with the wholesale market prices of huaraches in Guadalajara during the months of January, February, and March 1943. From this affidavit it further appears that prices remained the same from January 1, 1943 to about February 7, 1943, after which the prices dropped for two or three weeks but gradually recovered and returned to their former level, and from March 10 to May became considerably inflated. Affiant further stated that better quality huaraches brought higher prices but huaraches of the same type and quality as those imported by this importer were sold and freely offered at the following prices:

From February 11 to February 26, inclusive, huaraches regardless of quality were offered by many manufacturers in Guadalajara at $3.00 per pair f. o. b. Guadalajara.

| | Type and quality sold by Isauro Macias at pesos 3.85 | Type and quality sold by Isauro Macias at pesos 4.00 and 4.20 | | Type and quality sold by Isauro Macias at pesos 5.25 |
|---|---|---|---|---|
| Mar. 10 | 4. 60 | 5. 00 | 5. 00 | 5. 75 |
| Mar. 19 | 4. 60 | 5. 00 | 5. 00 | 5. 75 |

This was exclusive of packing, stamp and aforo taxes, shipping charges, and other transportation expenses. Prices did not vary according to the quantity sold.

The affidavit of Ramiro Magaña Q (plaintiffs' exhibit 2) is too indefinite to be of any substantial evidentiary value, in that it is not

clear whether the affiant is a wholesale dealer or manufacturer, and, further, in that it fails to establish a statutory value for such or similar merchandise.

Plaintiffs also produced as a witness Mr. Fernando Ortiz, an importer of European merchandise and a few Mexican native articles, having a place of business in Tijuana, Mexico. He testified that he had bought and sold huaraches for the account of Mr. and Mrs. Orlikoff; that he is familiar with the Oaxaca type of huaraches and that he considers the shoes sent to this importer were of the split-leather type, the cheaper grade. However, his testimony was based on his experience obtained in the latter part of 1943 and in 1944, subsequent to these importations.

The Government offered and there was received in evidence a report of a Treasury representative (exhibit 3): That report states that from information obtained by a personal inspection of the regular books and records of the shipper herein, and from other information obtained from the managing partners of that concern, it is apparent that this shipper began to use "carnaza" or split leather for both inner and outer soles, about February 15, 1943. Prior to that he did not use split leather even for inner soles. According to the shipper, all the huaraches being shipped from about May 17, 1943, have the split leather or the pigskin inner sole. This report gives a list of sales made by the shipper covering the years 1942 and 1943.

As to entry 319–C there is no dispute as to the second and third items of huaraches on that entry. The fourth item thereon can also be eliminated by reason of the fact that plaintiffs estimate the same to be under-appraised. As to the first item (900 pairs invoiced and entered at Mexican $3.85) this report shows shipments of Oaxaca huaraches to DeHaan Co. on March 12, 1943 at prices ranging from Mexican $4.88 to $5.35 per pair. These are described as men's full grain cowhide inner sole; no other description is given.

I find another shipment under date of March 19, 1943, of Oaxaca huaraches to DeHaan Co. at Mexican $5.50 per pair for No. 3–8, Mexican $5.80 for men's No. 9–12, and Mexican $3.80 for children's No. 18–21.

The only shipment noted as of February 26, 1943, is one described as children's No. 17–21, Oaxaca at prices of Mexican $3.83 and $3.50.

The Government in its brief describes the above items as such or similar huaraches to those here involved. I have been unable to find any evidence of similarity between the descriptions given in the report and those given on the consular invoices before me. Therefore, these prices cannot be given any probative value, especially in view of plaintiffs' testimony that the instant merchandise is of inferior

·quality. Moreover, the DeHaan prices are stated to include packing and other charges, whereas the appraiser added¹ such charges to his unit of value. For the above reasons the report fails to refute the evidence produced on behalf of the plaintiffs.

On the record I find that the merchandise consists of Mexican huaraches, exported from Mexico on February 26, March 10, and March 19, 1943, and entered at the port of San Ysidro, Calif., which were appraised at the prices set forth in the first tabulation above, on the basis of export value under section 402 (d) of the Tariff Act of 1930, plus cost of cases, packing, and stamp tax.

I conclude as matter of law:

That the principal market for these huaraches is at Guadalajara, Mexico;

That the proper basis of value is the export value as defined in said section 402 (d), and that such values are as follows:

| Reap. No. | Entry | Exportation date | | Per pair Mexican $ |
|---|---|---|---|---|
| 154211-A | 308-C | February 26, 1943 | 5,040 pairs | 3. 85 |
| 154212-A | 319-C | March 10, 1943 | 900 pairs | 4. 60 |
| | | | 3,420 pairs | 5. 00 |
| | | | 600 pairs | 5. 75 |
| 154213-A | 331-C | March 19, 1943 | 4,584 pairs | 4. 60 |
| | | | 260 pairs | 5. 75 |

All plus cost of packing and stamp tax.

Judgment will be rendered accordingly.